**Adam M. Starr, Bar No. 246292**
AdamStarr@markowitzherbold.com
MARKOWITZ HERBOLD PC
Suite 3000, Pacwest Center
1211 SW Fifth Avenue
Portland, OR  97204-3730
Telephone: (503) 295-3085
Fax: (503) 323-9105

Attorneys for Plaintiff
Markowitz Herbold Glade
 & Mehlhaf, P.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKOWITZ HERBOLD GLADE & MEHLHAF, P.C., a domestic professional corporation,<br><br>                             Plaintiff,<br><br>     v.<br><br>CONTEMPORARY SERVICES CORPORATION, a California company,<br><br>                             Defendant. | Case No. 2:17-CV-3534<br><br>**COMPLAINT FOR:**<br>   1. **BREACH OF CONTRACT;**<br>   2. **OPEN BOOK ACCOUNT; AND**<br>   3. **ACCOUNT STATED**<br><br>**(Jury Trial Demanded)** |

Plaintiff Markowitz Herbold Glade & Mehlhaf, P.C. ("Markowitz") alleges:

**PARTIES**

1. Markowitz is an Oregon domestic professional corporation, with its principal place of business in Portland, Oregon.

2. Defendant Contemporary Services Corporation ("CSC") is a California corporation, with its principal place of business in Northridge, California.

**JURISDICTION AND VENUE**

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because CSC's principal place of business is in Northridge, California. Further, a substantial part of the events or omissions giving rise to the claims in this action occurred in the State of California within the geographical scope of the United States District Court for the Central District of California.

**BACKGROUND**

5. Beginning in or around July 2013, Markowitz provided legal representation to CSC in connection with the matter *Contemporary Services Corporation v. Landmark Event Staffing Services, Inc. et al.*, Case No. 8:09-cv-00681-BRO-AN (C.D. Cal.) (the "Underlying Case").

6. CSC was also represented by another law firm but specifically hired Renée Rothauge, a trial lawyer with Markowitz, to act as CSC's lead trial counsel.

7. Markowitz sent CSC an engagement letter and Agreement for professional services dated August 28, 2013. The engagement letter and Agreement stated, among other things: (a) that Markowitz would bill CSC monthly for its services, at its regular hourly rates, but that Ms. Rothauge would be paid at a reduced rate; (b) that payment is due upon receipt of monthly invoices; and (c) that all amounts remaining unpaid for more than 30 days after the invoice is received will accrue a late charge at the rate of one percent per month on the accrued balance.

8. Although CSC may not have signed and returned the Agreement to Markowitz, the parties proceeded as if the Agreement had been approved, and CSC referred to Markowitz as its trial lead counsel. Markowitz provided the agreed upon legal services and sent CSC monthly bills, which CSC, at times, paid.

9. CSC has an unpaid balance of $180,392.01 as of April 30, 2017.

10. Pursuant to California Business & Professions Code §§ 6200 et seq., Markowitz advised CSC of their right to submit the dispute to the State Bar for arbitration.

## FIRST CLAIM

### (Breach of Contract)

11. Markowitz repeats and realleges each of the allegations contained in the paragraphs above as if fully set forth herein.

12. The parties entered into a valid contract.

13. Markowitz did all, or substantially all, of the significant things that the contract required it to do, or was otherwise excused from having to do so.

14. CSC has failed to pay Markowitz as required by the parties' contract.

15. As a direct and proximate result of CSC's breach of contract, Markowitz has been damaged in a total sum to be established at trial.

## SECOND CLAIM

### (Common Count: Open Book Account)

16. Markowitz repeats and realleges the allegations contained in paragraphs 1-10 above as if fully set forth herein.

17. Markowitz kept an account of the debits and credits arising out of the contract and/or fiduciary relation between Markowitz and CSC.

18. CSC owes Markowitz money on the account in exchange for work performed by Markowitz.

19. The amount of money that CSC owes Markowitz is $180,392.01 as of April 30, 2017.

## THIRD CLAIM

## (Common Count: Account Stated)

20. Markowitz repeats and realleges the allegations contained in paragraphs 1-10 above as if fully set forth herein.

21. CSC owes Markowitz from previous financial transactions.

22. CSC and Markowitz, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Markowitz.

23. CSC, by words or conduct, promised to pay the stated amount to Markowitz.

24. CSC has not paid Markowitz all of the amount owed under this account.

25. The amount of money that CSC owes Markowitz is $180,392.01 as of April 30, 2017.

## PRAYER FOR RELIEF

Markowitz respectfully requests the following relief:

1. That Markowitz be awarded judgment in its favor against CSC in an amount according to proof;

2. That Markowitz be awarded its cost of suit and reasonable attorney fees, to the extent available;

3. Interest on all damages;

4. Any other relief that the Court deems proper.

DATED this 10th day of May, 2017.

                MARKOWITZ HERBOLD PC

                By: *s/ Adam Starr*
                      Adam Starr
                      Attorneys for Plaintiff Markowitz
                      Herbold Glade & Mehlhaf, P.C.

MARKC\612495_3